IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:02 CV-365-V

| | | |
|---|---|---|
| DAVID CLAYTON LYNCH | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| R.C. LEE, Warden, | ) | |
| Central Prison | ) | |
| Raleigh, North Carolina | ) | |
| | ) | |
| Respondent. | ) | |

This matter is before the Court upon Petitioner's June 28, 2005 Application for a Certificate of Appealability pursuant to 28 U.S.C. § 2253(c), Federal Rule of Appellate Procedure 22 and Fourth Circuit Local Rule 22(a). [Doc. 63] Respondent filed a Response on July 1, 2005.

Petitioner seeks to appeal this Court's denial of eleven (11) claims (Claims I A & B, II C, III A and IV A-G) of his Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2254. This Court may issue a certificate of appealability (hereinafter "COA") only if Petitioner has made a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). As the United States Supreme Court has stated, "'[w]here a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.'" *See Miller-El v. Cockrell,* 537 U.S. 322, 338, 123 S.Ct. 1029, 1040 (2003) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000)). However, when a district court denies a claim on procedural grounds,

> a COA should issue when the petitioner shows, at least, that jurists of reason
> would find it debatable whether the petition states a valid claim of the denial of a
> constitutional right *and* that jurists of reason would find it debatable whether the
> district court was correct in its procedural ruling.

*Slack*, 529 U.S. at 484 (emphasis added). The Court will address Petitioner's claims in the order in which he presents them in his Application for a COA.

With regard to Claims IV A-G, Petitioner asserts that reasonable jurists would disagree as to whether Petitioner is entitled to relief on his claims that trial counsel were constitutionally ineffective (a) when they failed to investigate and develop evidence of hereditary mental illness within his extended family; (b) when they failed to lay the proper foundation and were thus unable to introduce what evidence they had of relevant mental illness within his family; (c) when they failed to move for a continuance because they were not in possession of the opinion of their key expert concerning Lynch's sanity; (d) when they failed to submit evidence of sexual abuse by Lynch's father to the jury during sentencing; (e) when they failed to submit evidence of physical abuse by Lynch's father to the jury during sentencing; (f) when they failed to preserve the testimony of E. S. "Dolly" Hickman, Carl Brown, Janice Helms, Sue Collins, and Dr. Horaceck for the record on appeal; and (g) when they failed to request submission of Lynch's age as a mitigating factor. The Court denied claims IV C (counsel ineffective for failing to move for a continuance to obtain expert's opinion) and G (counsel ineffective for failing to submit age as a statutory mitigating factor)[1] on procedural grounds. Petitioner has failed to show that reasonable jurists would find it debatable that the Court was correct in its procedural rulings. *Slack*, 529 U.S.

---

[1] Petitioner's Claim IV G – that counsel were ineffective for failing to submit Petitioner's age as a statutory mitigating factor – is addressed as Claim IV E in the Court's April 15, 2005 Order denying the Petition for Writ of Habeas Corpus.

at 484. Thus Petitioner's application for a COA for these two claims is DENIED.

As for Petitioner's other ineffective assistance of counsel claims (A, B, D-F), Petitioner has made a substantial showing of the denial of a constitutional right with regard to one portion of Claim IV A only. In Claim IV A, Petitioner alleges that counsel were ineffective for failing to investigate and develop evidence of hereditary mental illness within his extended family. The Court concludes that reasonable jurists could find the Court's assessment of this claim debatable. However, Petitioner also claims that counsel were ineffective for failing to coordinate the defense mental health experts' trial testimony. The Court concludes that reasonable jurists would not find the Court's assessment of this claim debatable. Therefore, Petitioner's application for a COA is GRANTED only for the first portion of Claim IV A of the Petition for Writ of Habeas Corpus.

Petitioner has failed to make a substantial showing of the denial of a constitutional right with regard to claims IV B, IV D, IV E or IV F. Therefore, his application for a COA for these four claims is DENIED.

In Claims I A and B of the Petition for Writ of Habeas Corpus, Petitioner claims that the jury considered extraneous, prejudicial information not introduced at trial or during the sentencing proceedings. In Claim I A, he alleges that the extraneous, prejudicial information was in the form of a Bible verse that the jury foreman read to other jurors during sentencing deliberations. The Court concludes that reasonable jurists could find the Court's assessment of this claim debatable. Therefore, a COA for Claim I A of the Petition for Writ of Habeas Corpus is GRANTED.

In Claim I B, Petitioner alleges that the extraneous, prejudicial information was in the

form of a threat made by Petitioner. However, Petitioner has failed to put forth any credible evidence that any juror learned during the trial or sentencing proceedings that Petitioner threatened to grab a deputy's gun and shoot people in the courtroom. Therefore, he has failed to demonstrate that reasonable jurors would find the Court's assessment of this claim debatable, and his application for a COA for Claim I B is DENIED.

In Claim II C of his Petition for Writ of Habeas Corpus, Petitioner claimed that he was deprived of due process when the MAR court refused to appoint him a forensic psychiatrist in post-conviction and that the MAR court erred in failing to stay post-conviction proceedings so that Petitioner's capacity to proceed could be assessed. The MAR court did not refuse to appoint Petitioner a forensic psychiatrist for the purpose of a capacity examination. In fact, habeas counsel informed the MAR court that a capacity examination by a defense forensic psychiatrist was not necessary. (State Exh. T4, p. 185) There being no factual basis for Petitioner's assertion that he was denied a forensic psychiatrist to assist him in post-conviction, reasonable jurists would not find the Court's assessment of Petitioner's due process claim "debatable or wrong." *See Miller-El v. Cockrell,* 537 U.S. at 338.

As for Petitioner's assertion that reasonable jurists would disagree about whether the MAR court should have stayed post-conviction proceedings until Petitioner's capacity to proceed could be determined, such a claim challenges only the constitutionality of the procedures employed in state post-conviction and not the constitutionality of Petitioner's conviction and sentence. As such, it cannot provide a basis for federal habeas relief. *See Wright v. Angelone*, 151 F.3d 151, 159 (4th Cir. 1998) (citing *Bryant v. Maryland*, 848 F.2d 492, 493 (4th Cir. 1988) ("[C]laims of error occurring in a state post-conviction proceeding cannot serve as a basis for

federal habeas corpus relief.")); 28 U.S.C. § 2254 (a federal court "shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."). Therefore, Petitioner has failed to make a "substantial showing of the denial of a constitutional right," *see* § 2253(c)(2), and his application for a COA for Claim II C is DENIED.

Finally, in Claim III A of his Petition for Writ of Certiorari, Petitioner actually raised two separate and distinct claims. The first was a claim that the State violated the requirements of *Brady v. Maryland*, 373 U.S. 83, 87 (1963), when it failed to disclose to the defense that a state psychologist who evaluated him at Dorothea Dix Hospital after his arrest and prior to his trial had an "opinion favoring [his] insanity claim." The second was an alternative claim that counsel were ineffective for failing to discover that a state psychologist who evaluated him at Dorothea Dix Hospital after his arrest and prior to his trial had an "opinion favoring [his] insanity claim."

In the instant Application, Petitioner seeks a COA for the *Brady* claim *only*. Nowhere in the instant Application does Petitioner argue that he has made a substantial showing of the denial of a constitutional right due to counsels' failure to discover this psychologist or her opinion. Nor does he argue that reasonable jurors would debate this Court's conclusion that this portion of Petitioner's claim is procedurally defaulted. In fact, he makes no mention of this claim at all. Thus, the Court views Petitioner's claim that counsel were ineffective for failing to discover the state psychologist and her opinion as abandoned, and the Court will not extend Petitioner's Application for a COA to encompass that portion of Claim III A of the Petition for Writ of Habeas Corpus.

With regard to Petitioner's *Brady* claim, the Court held that this claim was procedurally barred on federal habeas review because the MAR court had relied upon an adequate and independent state procedural rule to bar this claim on post-conviction review. The MAR court held that this claim was procedurally barred because Petitioner had failed to support this allegation with an affidavit or other documentary evidence as required by N.C. Gen. Stat. § 15A-1420(b)(1). The Fourth Circuit has held that § 15A-1420(b)(1) is an adequate and independent state procedural rule. *See Richmond v. Polk*, 375 F.3d 309, 323-24 (4th Cir. 2004) (citing *Weeks v. Angelone*, 176 F.3d 249, 270 (4th Cir. 1999); *State v. Ware*, 482 S.E.2d 14, 16 (N.C. App. 1997); *State v. Payne*, 325 S.E.2d 205, 219 (N.C. 1985); *State v. Parker*, 300 S.E.2d 451, 453 (N.C. App. 1983)). Therefore, Petitioner has failed to show that reasonable jurists would find it debatable that the Court was correct in its procedural ruling, *see Slack*, 529 U.S. at 484, and his application for a COA for Claim III A is DENIED.

For the foregoing reasons, Petitioner's Application for a Certificate of Appealability is hereby GRANTED in part and DENIED in part.

**Signed: August 24, 2005**

*[Signature: Richard L. Voorhees]*

Richard L. Voorhees
United States District Judge